Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XI

| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>GILBERT LOUIS ACEVEDO MALAVÉ<br>Recurrente | KLCE202300101 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. ISCR20200481<br><br>Sobre:<br>Art. 6.08 Ley 168; Ley de Armas 3.2D, 3.2D, 3.2D; Art. 3.3D Ley 54 |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y el juez Salgado Schwarz[1]

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece el señor Gilbert Louis Acevedo Malavé, (señor Acevedo Malavé o peticionario), solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 27 de enero de 2023. Mediante dicha determinación, el foro primario declaró No Ha Lugar la *Moción en Oposición sobre inclusión de testigo, admisión de pieza de evidencia y solicitud de desestimación* presentada por el peticionario.

Evaluados los asuntos presentados, determinamos *denegar* la expedición del recurso de *certiorari.*

## I. Resumen del tracto procesal

Por hechos presuntamente ocurridos los días 28, 29 y 30 de enero de 2020, el Ministerio Público, el 17 de noviembre de 2020, imputó al

---

[1] Mediante Orden Administrativa OATA-2023-020 se designó como integrante de Panel al Hon. Carlos G. Salgado Schwarz debido a que la Hon. Beatriz Martínez Cordero se encuentra fuera del Tribunal por causas justificadas.

peticionario infracción a los artículos 6.08 y 6.14 de la Ley Núm. 168-2019, *Ley de Armas de Puerto Rico de 2020*, 25 LPRA secs. 466g y 466m, respectivamente; y a los artículos 3.2D y 3.3 de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA secs. 632 y 633, respectivamente.

Habiéndose determinado causa para arresto[2] y, luego, causa para acusar[3], el Ministerio Publico presentó los respectivos pliegos acusatorios, por los delitos descritos en el párrafo que precede, aconteciendo la lectura de acusación.

Luego, pendiente la celebración del juicio en su fondo, y según el expediente ante nosotros, el TPI citó a las partes para celebrar una vista conforme a la Regla 109 de Evidencia[4], a ser celebrada el 20 de enero de 2023.[5] Según narra el peticionario en el recurso ante nuestra consideración, en la referida vista el Ministerio Público solicitó al foro recurrido la inclusión de un testigo que no había anunciado con antelación, y cierta prueba documental, ambos atinentes a la acusación por infracción al Artículo 6.08 de la Ley de Armas, supra. Levantada objeción por el peticionario a tal petición, narra esta misma parte que el TPI concedió término al Ministerio Público para que procediera a enmendar la acusación aludida, tal como solicitado.

Según la narrativa incluida por el propio peticionario en su recurso de certiorari, habiendo el Ministerio Público enmendado la acusación, **el tribunal *a quo* dio lectura a la acusación y ordenó la celebración del juicio, pasados cinco días de que aconteciera dicha lectura**.

Insatisfecho con dicho curso decisorio del TPI, el 25 de enero de 2023, el peticionario presentó ante ese mismo foro una *Moción en Oposición sobre Inclusión de Testigo, Admisión de Pieza de Evidencia y*

---

[2] Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6.
[3] Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23.
[4] Regla 109 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 109.
[5] Apéndice del recurso de *certiorari*, Anejo 5, pág. 19.

*Solicitud de Desestimación.* En síntesis, sostuvo que en la vista celebrada por el foro primario el Ministerio Público pretendió incluir un testigo que no había sido notificado de conformidad a la Regla 95 de Procedimiento Criminal, a pesar de que había concluido el descubrimiento de prueba. Aseveró, en particular, que el tribunal *a quo* estaba impedido de acceder a la enmienda de la acusación, pues afectaba sus derechos sustanciales.

A raíz de lo cual, el 27 de enero de 2023, el TPI emitió una *Resolución* declarando No Ha Lugar la *Moción en Oposición sobre Inclusión de Testigo, Admisión de Pieza de Evidencia y Solicitud de Desestimación.*

Es así que, el 30 de enero de 2023, el peticionario recurre ante nosotros, mediante recurso de *certiorari,* imputándole al TPI la comisión del siguiente error:

> Erró el Honorable Tribunal al permitir las enmiendas a los pliegos acusatorios para permitir la introducción de un testigo y una pieza de evidencia de carácter sustancial conforme a la Regla 38 del Procedimiento Criminal, dicha enmienda permitida violan (*sic*) los derechos sustanciales del acusado.

Junto al recurso de certiorari, el señor Acevedo Malavé incluyó una *Moción en Auxilio de Jurisdicción,* solicitando la paralización del comienzo del juicio, hasta que decidiéramos sobre los méritos del asunto planteado.[6]

**II. Exposición del Derecho**

**A. El recurso de *certiorari***

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction,* 201 DPR 703, 710

---

[6] Del expediente ante nuestra consideración **no** surge que la *Moción en Auxilio de Jurisdicción* se hubiese notificado a las demás partes de manera simultánea, en violación al expreso mandato que a esos efectos se incluyó en la Regla 79(E) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-B, R. 79(E), lo que resulta suficiente para denegarla.

(2019); *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* en la pág. 711*; IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012).

Además, la Ley Núm. 201–2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, en su Art. 4.006 (b), dispone que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. Al amparo de lo anterior, nuestro Tribunal Supremo ha manifestado, en lo pertinente, que la parte afectada por alguna orden o resolución interlocutoria en un proceso penal, puede presentar un recurso de *certiorari* mediante el cual apele el dictamen interlocutorio del foro primario. *Pueblo v. Román Feliciano*, 181 DPR 679, 690 (2011). Cónsono con lo cual, en los casos atendidos bajo el proceso criminal, la expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, según la cual:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 L.P.R.A. Ap. XXII-B, R. 40.

A pesar de que reconozcamos una de las situaciones previstas en la Regla 40, *supra,* —que nos habilitaría para expedir el certiorari—, tal ejercicio sigue siendo uno discrecional. Según lo explicó nuestro Tribunal Supremo, la amplitud del recurso moderno de *certiorari* no significa que sea equivalente a una apelación, **pues sigue siendo discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso**. (Énfasis provisto). *Pueblo v. Díaz De León,* 176 DPR 913,918 (2009).

Finalmente, nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre quehubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará perjuicio sustancial. *Zorniack Air Servs. V. Cessna Aircraft Co.,* 132 DPR 170 (1922).

**III.  Aplicación del Derecho a los hechos**

Como ya advertimos en el recuento procesal, el peticionario solicita nuestra intervención con una determinación interlocutoria del TPI, referente a la autorización para enmendar el pliego de acusaciones que atiende el artículo 6.08 de la Ley de Armas, supra. Fundamenta tal

petición en la aseveración de que permitir la autorización de enmienda al pliego acusatorio lesiona sus derechos sustanciales.

Según indicamos al exponer el derecho que gobierna la expedición de un recurso de *certiorari,* esta determinación descansa en la sana discreción del foro apelativo para autorizarla y adjudicarla en sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra. A su vez, tal ejercicio discrecional ha de ser guiado por el principio de que no habremos de intervenir con las determinaciones interlocutorias del foro recurrido, salvo que se demuestre que este incurrió en un craso abuso de discreción, o actuó con prejuicio o parcialidad. *Zorniack Air Servs. V. Cessna Aircraft Co.,* supra.

Luego de evaluar la información incluida en el expediente ante nuestra consideración, **no** apreciamos circunstancias que justifiquen nuestra intervención en esta etapa procesal. Visto que el señalamiento de error alzado por el peticionario esencialmente concierne a su objeción de que el tribunal *a quo* autorizara la enmienda al pliego de acusación descrita, pero, a su vez, admite que, una vez hecha la enmienda, **el mismo foro dio nuevamente lectura a la acusación y concedió un término de cinco días posterior a ello para celebrar el juicio**, no observamos que hubiese cometido el craso abuso de derecho que da lugar a nuestra intervención. Más específico aún, por las propias palabras del peticionario a través del recurso presentado, surge que el TPI cumplió con el requerimiento de la Regla 38(b) de Procedimiento Criminal[7], en términos de la discreción que goza para autorizar la enmienda a la acusación, en cualquier momento antes de la convicción o absolución del acusado, por algún defecto u omisión sustancial. De aquí que, reiteremos, no apreciemos las circunstancias que nos habilitarían para intervenir con la *Resolución* recurrida.

_____

[7] 34 LPRA Ap. II, R. 38(b).

En consonancia, solo nos compete denegar expedir el recurso presentado.

## IV.  Parte Dispositiva

A tenor de lo indicado, declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción* y *denegamos* expedir el auto de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

## IV.  Parte Dispositiva